UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-60779-GAYLES

**STUART FRIEDMAN**,

    Plaintiff,

v.

**MARK A. SPEISER, the STATE OF FLORIDA, CHARLES J. GOLDMAN, ESQ., YOLANDA J. DAPUZZO, and DAISY O'BRIEN**,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. For the following reasons, Plaintiff's Amended Complaint, [ECF No. 12], is dismissed.

### I. BACKGROUND

On April 14, 2020, *pro se* Plaintiff Stuart Friedman first brought this action against (1) Fidelity Brokerage Services, LLC; (2) Abigail Johnson; (3) Joshua Wilcox; (4) Anthony Catanese; (5) Debbra Nourey; and (6) Yolanda J. Dapuzzo ("Dapuzzo"). [ECF No. 1]. That same day, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). [ECF No. 3]. On April 17, 2020, the Court *sua sponte* dismissed Plaintiff's first complaint without prejudice, [ECF No. 7], because Plaintiff failed to adequately invoke the Court's subject matter jurisdiction by failing to list the citizenships of all members of Fidelity Brokerage Services, LLC. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (holding that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners are citizens). The Court also denied as moot Plaintiff's IFP Motion and granted Plaintiff leave to amend his

complaint on or before May 8, 2020. [ECF No. 7]. The Court later granted Plaintiff two extensions of time to file an amended complaint. [ECF Nos. 9 & 11].

On June 29, 2020, Plaintiff timely filed his Amended Complaint, now asserting claims against: (1) Mark A. Speiser, a retired Probate Division judge of the 17th Judicial Circuit Court of Florida ("Judge Speiser"); (2) the State of Florida; (3) Charles Goldman, Esq. ("Goldman"); (4) Dapuzzo; and (5) Daisy O'Brien ("O'Brien") (Goldman, Dapuzzo, and O'Brien are hereinafter referred to collectively as the "private Defendants"). [ECF No. 12]. In his Amended Complaint, Plaintiff alleges that Defendants "conformed a conspiracy . . . to deprive Plaintiff of his constitutional rights" by participating in a scheme to steal his property, which Dapuzzo believed was owned by her late sister. *Id.* at 3 & 5.

Plaintiff claims that Dapuzzo forged her sister's last will and testament after she died and then conspired with O'Brien (a notary public) "to falsely notarize the forged signature." *Id.* at 3. Plaintiff further states that Goldman (Dapuzzo's attorney) knew that the document was forged and still filed a petition to Judge Speiser in order to effectuate the sale of the property. *Id.* at 9. Plaintiff seeks, in part, damages of at least $250,000. *Id.* at 12. Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 1985. *Id.* at 2.

Although Plaintiff did not file an accompanying motion to proceed *in forma pauperis* with his Amended Complaint, the Court presumes that Plaintiff is attempting to again proceed *in forma pauperis* because he has not paid the filing fee. Accordingly, the Court reviews the Amended Complaint pursuant to the screening provisions of the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(e), and finds that it must be dismissed as frivolous.

2

## II. LEGAL STANDARD

Section 1915(e)(2) of the PLRA provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious[.]" 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it is without arguable merit either in law or in fact. Moreover, § 1915 'accords judges not only the authority to dismiss a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (citations omitted).

"[T]he pleadings are construed broadly[,]" *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Amended Complaint, the Court applies the "liberal construction to which *pro se* pleadings are entitled[.]" *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold[.]" *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. DISCUSSION

Even under the applicable relaxed pleading standards for *pro se* litigants, the Amended Complaint must be dismissed as frivolous. First, Plaintiff's claims against Judge Speiser fail as a matter of law because Judge Speiser is entitled to judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). As

the Eleventh Circuit recently explained, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020) (citations and internal quotation marks omitted). This immunity shields judges from suit in § 1983 proceedings even when they are alleged to have committed acts "maliciously or corruptly" or "in excess of their jurisdiction[.]" *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (citation omitted). Plaintiff fails to allege that Judge Speiser acted in the absence of jurisdiction; therefore, his claims against Judge Speiser fail as a matter of law.

Plaintiff's claims likewise fail against the State of Florida under the Eleventh Amendment, which "largely shields states from suit in federal courts without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 601 (11th Cir. 2014) (quoting *Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 39 (1994)). Therefore, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). As Plaintiff fails to plead waiver or valid abrogation, his claims against the State of Florida must be dismissed.

Finally, Plaintiff's claims against the private Defendants similarly fail as a matter of law and therefore must be dismissed. The Court discusses Plaintiff's claims under § 1983 and § 1985 in turn. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under *color of state law.*" *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (emphasis added). Thus, "[a]lthough a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law."

4

*Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) (citation omitted). In the Amended Complaint, Plaintiff does not claim that the private Defendants are state employees; nor does he allege any facts demonstrating that they otherwise acted under color of state law. Accordingly, Plaintiff's § 1983 claims against the private Defendants must be dismissed.

The Court construes Plaintiff's § 1985 claims to be brought under § 1985(3) because his claims are based on an alleged conspiracy between Defendants to deprive Plaintiff of his property rights. *See* 42 U.S.C. § 1985(3) ("[I]n any case of conspiracy set forth in this section, . . . whereby another is injured in his person or property, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."). "When the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment. These rights include only select 'serious constitutional rights.'" *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citations omitted). In *Jimenez*, the Eleventh Circuit held that "conspiracies to violate [property] rights protected under § 1981 are . . . insufficient to form the basis of a § 1985(3) claim." *Id.* The Court must, therefore, dismiss Plaintiff's § 1985 claims against the private Defendants because they also fail as a matter of law.

Although Plaintiff's claims against the private Defendants brought under § 1983 and § 1985(3) fail as a matter of law in federal court, he may reassert these claims in state court.

IV. **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Amended Complaint, [ECF No. 12], shall be **DISMISSED without prejudice**; and

2. The case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE